UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK DITTO; JULIE DITTO,<br><br>　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>PETERSON PROPERTIES; PETERSON PROPERTY MANAGEMENT; TED PETERSON; STEVE PETERSON; DOES 1-10,<br><br>　　　　　　　　　Defendants. | 22-CV-4788 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　Plaintiffs, who provide a New York P.O. box as their address, bring this *pro se* action alleging that Defendants violated their rights in connection with Plaintiffs' rental of an apartment in Oakland, California. Plaintiffs purport to assert various claims under California state law, Oakland municipal law, the Americans with Disabilities Act, and possibly the Fair Housing Act. Named as Defendants are Peterson Properties, Peterson Property Management, Ted Peterson, Steve Peterson, and ten John Doe defendants. Plaintiffs provide an Oakland, California, address for Peterson Properties and state that the apartment at issue is located in Oakland, California. For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

## DISCUSSION

　　Under 28 U.S.C. § 1391(b), a civil action may be brought in

　　(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that Defendants violated their rights in Oakland, California. Plaintiffs state that Peterson Properties is located in Oakland, California, but they do not plead the residences of Peterson Property Management, Ted Peterson, and Steve Peterson. Plaintiffs allege that the events giving rise to their claims occurred in Oakland, California, which is also the location of the rental apartment at issue. Oakland is located in Alameda County, which falls within the Northern District of California. *See* 28 U.S.C. § 84(a). Because it is unknown where Defendants Peterson Property Management, Ted Peterson, and Steve Peterson reside, and unclear from the complaint whether Peterson Properties could also be considered a resident of New York, it is unclear whether venue is proper in either this District or Northern District of California under Section 1391(b)(1). Even if the Court assumes that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Oakland, California, venue would also be proper in the Northern District of California under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Oakland, California, where the apartment at issue is located and most Defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be in Oakland, California. The Northern District of California appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 10, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge